UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LOPP,

      Petitioner,                                      Case No. 17-13683
                                                   Hon. Matthew F. Leitman

v.

BONITA HOFFNER,

      Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Joshua Lopp is a state prisoner who is confined at the Lakeland Correctional Facility in Coldwater, Michigan. On December 6, 2009, following a bench trial in Wayne County Circuit Court, a state circuit court judge found Lopp guilty of assault with intent to rob while armed, Mich. Comp. Laws § 750.89, armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (*See* ECF #1 at ¶¶ 3, 6, Pg. ID 3.) The state trial court sentenced Lopp to concurrent terms of fifteen to forty years of imprisonment on the assault and armed robbery convictions and to a consecutive term of two years in prison for the felony firearm conviction. (*See id.* at ¶6.) The Michigan Court of Appeals affirmed his convictions and sentence. (*See id.* at ¶8.)

1

In 2012, Lopp filed a federal habeas petition in this Court in which he challenged his state-court convictions (the "2012 Petition"). (*See id.* at ¶9, Pg. ID 4; *see also Lopp v. Palmer*, E.D. Mich. Case No. 12-cv-13003.) Another Judge of this Court denied the 2012 Petition on the merits. *See Lopp v. Palmer*, Case No. 12-cv-13003, Dkt. #7 (E.D. Mich. Nov. 26, 2013). Lopp thereafter filed a post-conviction motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500. The trial court denied that motion, and the state appellate courts denied him leave to appeal that ruling. (*See* ECF #1 at ¶10, Pg. ID 4.)

On November 9, 2017, Lopp filed a second habeas petition in this Court attacking the same state-court convictions that he attacked in the 2012 Petition (the "Current Petition"). (*See* ECF #1.) In the Current Petition, Lopp insists that he is entitled to be re-sentenced because he was sentenced on the basis of an impermissible factor and his failure to admit guilt. (*See id.* at ¶¶ 15, 23, Pg. ID 5, 7.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in relevant part at 28 U.S.C. § 2244(b), "limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *pet. for certiorari filed*, No. 17-6449 (U.S. Oct. 20, 2017). AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition

2

in district court." *Id.* Therefore, "federal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

"[A] numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Tibbetts*, 869 F.3d at 405. A habeas petition is not "second or successive" if the petition is the first to challenge a particular state judgment, *id.* at 406, the claim was not ripe for review when the first petition was filed, *id.*, or a federal court dismissed an earlier petition without passing on the merits of the claims because the petition contained exhausted and unexhausted claims. *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Here, Lopp could have raised his sentencing claims in the 2012 Petition, and none of the exceptions that would allow Lopp to avoid the second-or-successive rule apply. Accordingly, the Court lacks jurisdiction to consider Lopp's Current Petition without authorization from the United States Court of Appeals for the Sixth Circuit.

Therefore, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer the Current Petition (ECF #1) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief … is filed in the district court without § 2244(b)(3) authorization from this court, the

3

district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2017

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764